# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| APPALACHIAN POWER COMPANY,<br><br>                     *Plaintiff,*<br><br>v.<br><br>NISSEN, *et al.*,<br><br>                     *Defendants.* | CASE NO. 7:14-cv-00535<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

       Appalachian Power Company ("APCO," or "Plaintiff") filed this action on October 3, 2014 pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* and the Federal Power Act ("FPA"), 16 U.S.C. §§ 791a *et seq.* Plaintiff alleges that William Nissen, II and Lora J. Nissen (collectively "Nissens," or "Defendants") are erecting a dock on Smith Mountain Lake in contravention of APCO's legal rights. Specifically, Plaintiff argues that the construction of this dock violates a flowage easement that it holds on Defendants' property, as well as a license order issued to it by the Federal Energy Regulatory Commission ("FERC"). That license order delegated to APCO the duties and responsibilities that FERC held with respect to operation of the Smith Mountain Hydroelectric Project (the "Project") in Southwest Virginia. Plaintiff asks for a declaration that Defendants' shoreline construction, which was undertaken without prior approval from APCO, violates the provisions of its flowage easement and the FERC license order. Plaintiff also seeks an injunction requiring Defendants to remove fill and restore vegetation disrupted by the construction and to remove the dock itself if they are unable to obtain the appropriate permit from APCO.

The matter is now before me upon Defendants' fully briefed motion to dismiss. Defendants argue that the complaint should be dismissed because it fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) and because this Court lacks subject matter jurisdiction under Fed R. Civ. P. 12(b)(1). For the reasons that follow, Defendants' motion will be **DENIED**.

## I. BACKGROUND

According to Plaintiff's complaint, APCO operates the Project pursuant to a license issued to it by FERC. The Federal Power Act ("FPA"), 16 U.S.C. § 791a *et seq.*, vests FERC with the authority to license hydroelectric projects for the use and benefit of interstate and foreign commerce. By an order dated April 25, 1960, FERC issued a fifty-year license to APCO which delegated its Project-related duties and responsibilities. On December 15, 2009, FERC issued an order extending this license for an additional thirty years, with the license coming into effect on April 1, 2010.

The Project boundary encompasses the reservoir at Smith Mountain Lake and all lands on the shoreline of the lake lying below a specific elevation, 800 feet above mean sea level ("FMSL"). When FERC granted APCO the license, it required APCO to acquire title to or the right to use all property necessary to construct, maintain, and operate the Project. Accordingly, APCO has obtained property rights to all Project lands, that is, those below 800 FMSL on Smith Mountain Lake, and either owns them in fee or has obtained rights of occupancy and use via flowage right and easement deeds. These property rights allow APCO to enforce the requirements of the FERC license.

Plaintiff APCO manages the Project in accordance with a Shoreline Management Plan (the "SMP"), which it developed in 2003. On July 5, 2005, FERC issued an order incorporating

– 2 –

the SMP in APCO's license from FERC. The SMP provides detailed guidelines for managing development within the Project's boundaries. Accordingly, the SMP imposes various restrictions aimed at promoting shoreline stabilization and the protection of aesthetic and environmental quality. For example, the regulations address the placement of fill within the Project boundary as well as the location, length, height, and maximum size of docks. The SMP also establishes certain "Vegetative Cover Regulations," which require that vegetation within the Project boundary be preserved, and that none may be removed without a permit from APCO. The SMP further limits what can be constructed between an elevation of 795 and 800 FMSL, limiting structures within this zone to those that provide access to a dock, as well as pilings or cables installed for purposes of enhancing the stability of a floating structure.

Defendants own a parcel of land on Smith Mountain Lake. Their property is located at 164 Windmere Trail, Moneta, Virginia 24121. Defendants' property consists of approximately 1.441 acres, with some of it lying above and some of it lying below the Project boundary of 800 FMSL. The parcel was conveyed to Defendants subject to all easements, restrictions, reservations and covenants of record by Deed dated April 14, 2014. Plaintiff APCO had previously obtained easement rights over Defendants' Property pursuant to a Flowage Right and Easement Deed dated September 12, 1960, by and between APCO and Defendants' predecessors-in-title. The Flowage Right and Easement Deed provides APCO with, among other things:

> . . . the further right to enter upon said premises at any time and from time to time and, at Appalachian's discretion, to cut, burn and/or remove therefrom any and all buildings, structures, improvements, trees, bushes, driftwood and other objects and debris of any and every kind or description which are or may hereafter be located on the portion of said premises below the contour the elevation of which is 800 feet.

Compl. Ex. C, at 2.

– 3 –

Plaintiff alleges that Defendants have, without obtaining permission from APCO, commenced construction of a dock, removed vegetation, placed fill, and constructed a road on the portion of their property that falls within the Project boundary. The Defendants' proposed dock, which will be located close to a neighboring lot, will measure roughly 3,520 square feet in size, 110 feet in length, and 26 feet in height. Plaintiff alleges that this structure does not conform to the requirements of the SMP and flowage easement, as it is "oversized, too long, too high, and is located too close to the neighboring property." Compl. ¶ 31. Additionally, they contend that Defendants' road construction violated the SMP and flowage easement by destroying vegetation and placing additional fill within the Project boundary.

## II. LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin,* 980 F.2d 943, 952 (4th Cir.1992). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, (2007) (internal citations omitted). A court need not "accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir.2000). "Factual allegations must be enough to raise a right to relief above the speculative level," *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955, with all allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor. *Chao v. Rivendell Woods, Inc.,* 415 F.3d 342, 346 (4th Cir. 2005).

Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

A party can make a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) in one of two ways. *See Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir. 1982). First, a defendant may contend "that the jurisdictional allegations of the complaint [are] not true." *Id.* In the alternative, a defendant may argue, as the Nissens do here, that the "complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Id.* When a defendant makes such a challenge, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Id.* That is to say, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). Further, the plaintiff bears the burden of proving the truth of such facts by a preponderance of the evidence. *U.S. ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009).

### III. DISCUSSION

#### A. Failure to State a Claim

In their motion to dismiss, Defendants claim that Plaintiff's complaint fails to state a claim for the purposes of Fed. R. Civ. P. 12(b)(6). Defendants contend that Plaintiff's easement does not grant it the right to control whether or not Defendants build a dock on their property. They also argue that an order barring Plaintiffs from constructing the proposed dock would amount to a "taking without compensation" that "in essence amounts to property theft by the Plaintiff." Mot. to Dismiss 14. Neither of these arguments can sustain a motion to dismiss.

– 5 –

As a threshold matter, Defendants are improperly attempting to litigate the merits of the case on a Rule 12(b)(6) motion. *See Republican Party of N. Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). Thus Defendants' arguments that Plaintiff's interpretation of the easement is incorrect and that Defendants' use of the land is reasonable are irrelevant at this stage in the proceeding. Accepting Plaintiff's pleadings as true, APCO has a duty under its FERC license to ensure that the portion of Defendants' property lying within the Project boundary is in compliance with the SMP, and Defendants' current use of that property violates the terms of the SMP. *See Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (explaining that on consideration of a Rule 12(b)(6) motion, a court must consider all well-pleaded allegations as true and draw all reasonable factual inferences from those facts in the plaintiff's favor.). Plaintiff also alleges that it has a property right under the flowage easement which entitles it to injunctive relief bringing the property into compliance with the SMP's requirements. Indeed, Plaintiff has produced copies of the deed containing the flowage easement as well as the SMP.[1] Therefore I find that Plaintiff has stated a claim upon which relief can be granted.

### B. Subject Matter Jurisdiction

Defendants next argue that the complaint should be dismissed for lack of subject matter jurisdiction. They contend that since this case concerns an easement, it is a "state law issue rooted in a state law dispute that belongs in state court." Reply in Supp. of Mot. to Dismiss 8.

---

[1] Furthermore, I note that federal courts have granted relief to FERC licensees in these kinds of cases brought against private landowners. *See, e.g.*, *VA Timberline, LLC v. Appalachian Power Co.*, No. 7:06-CV-40026, 2008 WL 269544, at *1 (W.D. Va. Jan. 29, 2008) *aff'd sub nom. VA Timberline, L.L.C. v. Appalachian Power Co.*, 343 F. App'x 915 (4th Cir. 2009) (unpublished) (determining that APCO had a right to limit a private landowner's construction to structures that complied with the SMP); *Appalachian Power Co. v. Arthur*, No. 7:09-CV-360, 2014 WL 3900618, at *1 (W.D. Va. Aug. 11, 2014) (determining that ACPO maintained control over the use and occupancies of property, including that held by a private company, within the Smith Mountain Lake Project).

Defendants also maintain that under 16 U.S.C. § 825p, federal subject matter jurisdiction exists when FERC asserts a claim against a licensee, but not *when a licensee asserts a claim against a private landowner.* In support of this position, Defendants cite a recent case wherein the court stated, "16 U.S.C. § 825p creates jurisdiction in the federal courts to enforce FERC licenses against a FERC licensee." *Tri-Dam v. Schediwy*, No. 1:11-CV-01141-AWI, 2014 WL 897337, at *8 n. 5 (E.D. Cal. Mar. 7, 2014). In that case, a FERC licensee, Tri-Dam, sought to enforce the terms of the shoreline management plan by obtaining an injunction to prevent a private landowner from building a restraining wall. *Id.* at *3. Defendants' reliance on *Schediwy* is misplaced, given that the court not only heard the case, but actually ruled in favor of the FERC licensee, ordering the defendant to comply with the shoreline management plan by destroying the non-compliant structure. *Id.* at *14.

A straightforward reading of 16 U.S.C. § 825p shows that district courts have subject matter jurisdiction over these kinds of actions. The relevant portion of that statute reads:

> The District Courts of the United States, and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of [the FPA] or the rules, regulations, and orders thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by, or to enjoin any violation of this chapter or any rule, regulation, or order thereunder. . . .

Here APCO is bringing suit in equity to enforce its liabilities and duties under the FPA. The FERC delegated to APCO its FPA-related duties and responsibilities with respect to operation of the Project. It did so by means of a license order that incorporated the terms of the SMP. Now APCO is suing Defendants in order to enforce the duties and responsibilities that it has under the FPA, which include a duty to ensure that lands within the Project boundary comply with the SMP. This action thus falls within the exclusive jurisdiction of the District Courts of the United States. Moreover, *Schediwy* is just one of a litany of decisions where federal district courts

– 7 –

adjudicated claims where FERC licensees sought to force private landowners to comply with the conditions of the FERC license. *See, e.g.*, *Appalachian Power Co. v. Arthur*, No. 7:09-CV-360, 2014 WL 3900618, at *1 (W.D. Va. Aug. 11, 2014); *Tri-Dam v. Michael*, No. 1:11-CV-2138, 2014 WL 1285644 (E.D. Cal. Mar. 28, 2014); *Tri–Dam v. Keller*, No. 1:11-cv-1304, 2013 WL 2474692 (E.D. Cal. June 7, 2013) ; *Tri-Dam v. Yick*, No. 1:11-CV-01301, 2013 WL 2474689 (E.D. Cal. June 7, 2013) ; *Union Elec. Co. v. Devine*, No. 2:00-cv-04082, 2007 WL 4244989 (W.D. Mo. Nov. 29, 2007), *aff'd*, 334 F. App'x 37 (8th Cir. 2009).

### IV. CONCLUSION

As set forth above, Defendants' motion to dismiss is **DENIED**.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

Entered this  2nd   day of  February, 2015.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

– 8 –

Case 7:14-cv-00535-NKM-RSB   Document 34   Filed 02/02/15   Page 8 of 8   Pageid#: 675