# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| APPALACHIAN POWER COMPANY., *Plaintiff,* v. WILLIAM W. NISSEN II, and LORA J. NISSEN, *Defendants*. | CIVIL NO. 7:14-cv-000535<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendants' Motion for Reconsideration. Defendants, moving under Fed. R. Civ. P. 52(b), seek reconsideration of my February 2, 2015 order, wherein I denied Defendants' motion to dismiss. Defendants argue that I erred in determining that this Court had subject matter jurisdiction over the case. Accordingly, they ask that I revise my order denying their motion, or, in the alternative, that I stay proceedings in this case and certify the order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). I have determined that this motion may be adequately decided without a hearing. The facts of this case are summarized in my earlier decision and will not be reiterated here. For the reasons that follow, I will deny Plaintiff's motion and their request for § 1292(b) certification.

**I.**

A Rule 54(b) motion is the appropriate mechanism to ask a court for reconsideration of an earlier order that "adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties." The United States Court of Appeals for the Fourth Circuit has explained that reconsideration of an interlocutory order may be appropriate when "(1) a subsequent trial

produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." *Am. Canoe Ass'n v. Murphy Farms, Inc.,* 326 F.3d 505, 515 (4th Cir. 2003) (quoting *Sejman v. Warner–Lambert Co., Inc.,* 845 F.2d 66, 69 (4th Cir. 1988)); *see also McAfee v. Boczar,* No. 3:11cv646, 2012 WL 2505263, at *2 (E.D. Va. June 28, 2012) ("Such problems rarely arise and the motion to reconsider should be equally rare.") (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D. Va. 1983)). However, these considerations "do not and cannot limit the power of a court to reconsider an earlier ruling . . . . [as the] ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law." *Am. Canoe Ass'n*, 326 F.3d at 515. Further, the decision to revise an earlier order is committed to the discretion of the district court. *Id.*

Section 1292(b) permits a district court to certify an interlocutory order in a civil action for immediate appeal. This provides an exception to the general rule that a party may appeal only a final judgment, and as such, § 1292(b) certification is "justified in circumstances that are limited and strictly construed." *Young v. Sheetz, Inc.*, 998 F. Supp. 670, 673 (W.D. Va. 1998). Certification is appropriate when the court determines that the interlocutory order "[1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

## II.

Defendants argue that my previous decision was in error because it overlooked pertinent case law, namely *Jeffrey Lake Dev., Inc. v. Cent. Nebraska Pub. Power & Irr. Dist.*, No. 4:11CV3112, 2011 WL 7122188 (D. Neb. Nov. 23, 2011) *report and recommendation adopted,*

No. 4:11CV3112, 2012 WL 296144 (D. Neb. Feb. 1, 2012). In that case, defendant Central Nebraska Public Power & Irrigation District ("Central") managed land pursuant to a license issued by Federal Energy Regulatory Commission ("FERC") in accordance with the Federal Power Act, 16 U.S.C. §§ 791a *et seq.,* ("FPA"). *Id.* at *1. Central also developed a management plan for this land, similar to how Appalachian Power Company ("APCO") implemented a Shoreline Management Plan ("SMP") in the instant case. *Id.* Jeffrey Lake Development, Inc. ("Jeffrey Lake") leased a portion of the land which was subject to the FERC license. *Id.* A dispute emerged when Jeffrey Lake attempted to build a structure that Central claimed was forbidden under the lease. *Id.* at *2. Jeffrey Lake brought an action in Nebraska state court seeking a declaratory judgment that Central would be required to adhere to its past conduct and previous interpretation of the lease provisions, which Jeffrey Lake claimed would permit the construction of the structure at issue. *Id.* Central removed the case on the basis of federal question jurisdiction, 28 U.S.C. § 1331, and Jeffrey Lake responded by filing a motion to remand. *Id.* The magistrate judge ultimately recommended that this motion be granted and that the case be remanded to state court. *Id.* at *6.

I find that there are ample grounds to distinguish *Jeffrey Lake* from the instant case. First and foremost, in analyzing federal subject matter jurisdiction under 28 U.S.C. § 1331, the magistrate judge made much of the fact that the complaint focused exclusively on interpretation of the lease, which was governed by state law, and only touched on federal law to the extent that it asked the court to consider "other related or applicable rule[s], regulation[s], or polic[ies]," but did not "cite to any specific section of the FPA, its regulations, or even any specific provisions of the Management Plan governing the interpretation of Central's leases or its alleged breach of the lease terms in light of the historical interpretation of those agreements." *Id.* at *3-4. The

magistrate judge noted that under the well pleaded complaint rule, this allusion did not invoke a substantial issue of federal law for the purpose of 28 U.S.C. § 1331. *Id.* at *4. She also determined that even if the plaintiffs had explicitly cited the FPA, jurisdiction would still not exist under 16 U.S.C. § 825p because "plaintiffs are not seeking a finding that Central is somehow currently violating the FPA or its regulations."

Plaintiff in the instant case, however, does make explicit references to the specific sections of the FERC license and the SMP that the Defendants are alleged to be in violation of. For example, Plaintiff's complaint states:

> 31. Defendants (1) have commenced construction of an oversized boat dock; (2) removed vegetation from within the Project boundary; and (3) constructed a road within the Project boundary causing the placement of additional fill within the Project boundary, all without the permission of Appalachian. Defendants' dock is not one which Appalachian would be allowed to permit under the FERC License Order and the SMP because, inter alia, it is oversized, too long, too high, and is located too close to the neighboring property.
>
> 33. Defendants' dock construction, vegetation removal, and road construction / unauthorized fill activity within the Project boundary, without the benefit of a permit from Appalachian, is in contravention of the FERC License Order and the SMP. Defendants' actions, to construct a dock without a permit, remove vegetation, and construct a road, constitute an occupancy and use of Project lands and waters without Appalachian's permission and accordingly, are actions undertaken notwithstanding Appalachian's authority and obligation under the FERC License Order to permit only those uses of Project lands which protect and enhance the scenic, recreational, and other environmental uses of the Project. In addition to creating a direct and immediate dispute by ignoring and acting in contravention of Appalachian's obligation and authority under the FERC License Order and the SMP, Defendants' actions have been detrimental to Appalachian's responsibilities under the FERC License Order and the FPA.

Compl. ¶¶ 31, 33; *see also id.* ¶¶ 15-20 (detailing the specific provisions of the FERC license and SMP allegedly violated by Defendants, such as "Vegetative Cover Regulations" and restrictions governing the location, length, height, and maximum size of docks). Thus unlike the plaintiff in *Jeffrey Lake*, APCO has invoked a substantial issue of federal law, namely whether Defendants'

actions violate the terms of the FERC license order and the SMP. Likewise, jurisdiction under 16 U.S.C. § 825p is proper because APCO is seeking a declaration that it has certain responsibilities under the FPA and that Defendants are in violation of the FPA regulations embodied in the FERC license:

> WHEREFORE, Appalachian respectfully prays:
> A. That this Court enter a declaratory judgment in its favor and against Defendants, declaring as follows:
> (1) That, under the FPA, the FERC License Order issuing and amending Appalachian's license for the Project, and the SMP, Appalachian has the authority and responsibility to regulate uses and occupancies of the Project lands;
> (2) That Defendants have acted in contravention of Appalachian's obligations and authority under the FERC License Order and the SMP . . . .

Compl. ¶ 34. Thus the logic that led the magistrate judge to conclude that neither 28 U.S.C. § 1331 nor 16 U.S.C. § 825p supported federal jurisdiction in *Jeffrey Lake* is inapplicable here. Furthermore, while the magistrate judge in *Jeffrey Lake* opined that *VA Timerline, L.L.C. v. Appalachian Power Co.,* 343 Fed. Appx. 915 (4th Cir. 2009) did not raise the issue of subject matter jurisdiction, I note that an earlier decision in that same case, namely, *VA Timberline, LLC v. Appalachian Power Co.*, No. CIV.A. 4:06-CV-00026, 2006 WL 1993557 (W.D. Va. July 13, 2006), considered and found subject matter jurisdiction on facts similar to those now before me.

For the reasons stated above, I find no reason to revise my earlier order. Further, I do not believe that the circumstances warrant certification under § 1292(b), and I decline to exercise my discretion to do so.

### III.

Defendants' argue in their motion that the Court erred because it failed to independently examine Plaintiff's standing in this case. Defendants contend that "Plaintiff does not yet have standing to bring this suit before a federal court because a state court has not yet determined the extent of his property rights under the flowage easement at issue." Mot. to Recons. 13. Under

this logic a plaintiff would be unable to sue in federal court under diversity jurisdiction unless he first obtained a state court judgment establishing that he had an interest in the litigation's subject matter. I find such an argument unconvincing. Although the exact nature and extent of APCO's property rights under the flowage easement are uncertain at this stage of the proceedings, they are certainly sufficient to confer standing in this case.

### IV.

For the reasons stated herein, Defendants' Motion for Reconsideration will be DENIED. An appropriate order follows.

ENTERED: This __6th__ day of April, 2015

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE